UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY CLARK | CIVIL ACTION |
| VERSUS | NO. 08-4253 |
| CHET MORRISON, INC., et al. | SECTION "N" (2) |

# ORDER and REASONS

Before the Court are two motions: the **Motion to Dismiss Party or, alternatively, Stay Proceedings (Rec. Doc. 8)** filed by Defendant Dr. Brett Casey ("Dr. Casey"), and the **Motion to Stay (Rec. Doc. 13)** filed by Defendant Chet Morrison, Inc. ("CMI"). After reviewing the complaint, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

On September 11, 2007, Danny Clark ("Plaintiff" or "Clark") was employed by CMI as an diver working from the DSV STEPHANIE MORRISON. While working from the vessel that day, a cable snapped and he was struck in the hand by a hook, allegedly as the result of his employer's negligence. After his injury, Clark was sent to Dr. Casey, who allegedly was under the influence of supervisors at CMI. According to Clark, Dr. Casey admitted that the hand required surgery, but CMI supervisors pressured the doctor to employ a less expensive procedure. As a result of that pressure, Dr. Casey allegedly committed malpractice by setting Clark's hand in a cast rather than commencing surgery.

Clark filed suit under 28 U.S.C. §§ 1331 and 1333 and the Merchant Marine Act, 46 U.S.C.

§30104, claiming negligence, unseaworthiness, and maintenance and cure as to CMI. He also brought a state law claim for medical malpractice against Dr. Casey. In the instant motion to dismiss, Dr. Casey argues that he should be dismissed from the lawsuit or, in the alternative, the suit should be stayed as to him pending a review of the claim by a medical review panel. CMI argues in the instant motion that the claims against it are so interrelated with the issues before the medical review panel that the claims against it should also be stayed.

## II. ANALYSIS

### A. Motion to Dismiss

Under Louisiana law, all malpractice claims must be reviewed by a medical review panel. LA. REV. STAT. ANN. § 40:1299.47. No action against a health care provider may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. *Id.* at § 40:1299.47(B)(1)(a)(i). The instant action was commenced prior to the institution of a medical panel review (which has since been instituted). Accordingly, this claim is premature and the motion to dismiss Dr. Clark must be granted. *See, e.g.*, *Richardson v. Advanced Cardiovascular Systems, Inc.*, 865 F. Supp. 1210, 1217 (E.D. La. 1994).

### B. Motion to Stay

A court's authority includes the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *Bugay v. McCain*, 2008 WL 2782869 at *1 (E.D. La. 2008). CMI asks this Court to stay the current proceedings until the medical panel completes its review of Clark's malpractice claims. CMI argues that the claims raised against it and in Plaintiff's potential medical malpractice

lawsuit are interrelated and that combining them will preserve judicial economy and avoid any prejudicial res judicata effects.

The Court finds that a stay is inappropriate. The Court sees no reason to necessarily combine Clark's medical malpractice claims under Louisiana law with his claims under 28 U.S.C. §§ 1331 and 1333 and the Merchant Marine Act. Plaintiff's claims for negligence, unseaworthiness, and maintenance and cure do not require resolution of Plaintiff's medical malpractice claim against Dr. Casey. Nor will application of res judicata prejudice CMI. Since a judgment by this Court as to the claims raised against CMI would be based on federal question jurisdiction, Louisiana courts would apply the federal law of res judicata in determining the preclusive effects of the judgment. *Lycon, Inc. v. Weatherford Artificial Lift Systems*, 827 So.2d 1283, 1285 (La. App. 2002). Under the federal doctrine of res judicata, a final judgment on the merits bars further claims by the same parties based on the same cause of action. *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). Res judicata would not bar Clark's state law malpractice claims, since those claims would be based on a different cause of action. Further, it is unlikely that collateral estoppel would apply. Collateral estoppel applies when the second action is based upon a different cause of action, and the judgment in the previous suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. *Id.*(citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979)). Violations of the Merchant Marine Act and federal maritime law do not involve any determinations of medical malpractice and will have little relevance to a state law malpractice suit premised on negligence.

Plaintiff claims that supervisors at CMI pressured Dr. Casey to use a less expensive cast

3

procedure instead of surgery in treating Clark's injuries. Plaintiff essentially uses this allegation of fact against both Defendants – as additional grounds for his malpractice claim against Dr. Casey, and as an independent claim of negligence against CMI. Plaintiff then argues that if Casey were to be found liable for malpractice on this basis, CMI will be found liable for its agent Casey's actions under the "Hopson/Sinkler" doctrine. *See Hopson v. Texaco*, 383 U.S. 262 (1966). Without deciding the issue, the Court is skeptical that the doctrine would apply in this instance, and also that Plaintiff has stated a viable cause of action under this theory. Nonetheless, the possible future application of this doctrine is not sufficient cause to stay this proceeding at this time.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) the Motion to Dismiss Party by Defendant Dr. Brett Casey is **GRANTED** and said Defendant is **DISMISSED WITHOUT PREJUDICE** from this litigation; and

(2) the Motion to Stay by Defendant Chet Morrison, Inc., is **DENIED**.

New Orleans, Louisiana, this 17th day of February 2009.

                                                _____
                                                KURT D. ENGELHARDT
                                                United States District Judge