UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY CLARK | CIVIL ACTION |
| VERSUS | NO. 08-4253 |
| CHET MORRISON, INC. DSV STEPHANIE MORRISON, ET AL. | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Rec. Doc. 25), filed by Defendant Chet Morrison Contractors, Inc. ("Chet Morrison"). In this motion, Chet Morrison asserts that the claims of Plaintiff Danny Clark ("Clark") for hip and pelvis injuries relating to a four-wheeler accident that occurred in April of 2008 should be dismissed for lack of connexivity. After considering the memoranda of the parties and the applicable law, the Court grants this motion.

### I. BACKGROUND

Clark brought the instant suit for injuries sustained to his right hand on September 11, 2007, while he was working as a diver for Chet Morrison. (Rec. Doc.1. ¶¶ 5-6). Clark sustained lacerations to the ulnar portion of his right hand and fractured his fourth and fifth metacarpals. (Rec. Doc. 1, ¶ 6). Clark asserts in his Complaint that he "has suffered further injury on account of

problems with and pain in his right hand." (Rec. Doc. 1 ¶ 13). This claim became more clear in Clark's deposition when he explained that he had subsequently sustained injuries to his hips and pelvis in a four-wheeler accident that occurred approximately eight months after his work-related accident. Chet Morrison now brings the instant motion for summary judgment, alleging it is entitled to judgment as a matter of law because Clark's actions serve as a superceding negligent act, precluding Chet Morrison from being held liable for Clark's injuries to his hip and pelvis, resulting from the subsequent four-wheeler accident.

## II. LAW AND ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law ." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." See *id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence ." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir.2002).

Under general maritime law, a party's negligence is only actionable if it is the legal cause of the plaintiff's injuries. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646 (5th Cir.1992). Legal cause is something more than "but for" causation, and the negligence must be a substantial factor of the injury. *Thomas v. Express Boat Co., Inc.*, 759 F.2d 444, 448 (5th Cir. 1985). The term "substantial factor" means more than "but for" the negligence the harm would not have resulted. *See Chisholm v. Sabine Towing & Transp. Co.*, 679 F.2d 60, 63 (5th Cir. 1982). Additionally, an actor may only be liable for a person's later acts which attribute to an injury when the intervening cause of injury is one which in "ordinary human experience is reasonably to be anticipated, or one which the defendant has reason to anticipate under the particular circumstances, he may be negligent, among other reasons, because he has failed to guard against it; or he may be negligent only for that reason." *Nunley v. M/V Dauntless Colotronis*, 727 F.2d 455 (5th Cir. 1984), *cert. denied*, 469 U.S. 832, 105 S.Ct. 120, 83 L.Ed.2d 63 (1984) (quoting Prosser, Law of Torts, 4th ed. 270, 272).

The "superseding cause" doctrine is applied "when a defendant's negligence substantially contributes to a plaintiff's injury in fact, 'but the injury was actually brought about by a later cause of independent origin that was not foreseeable.'" *Tidewater Marine, Inc. v. Sanco International, Inc.*, 113 F.Supp.2d 987, 998 (E.D. La. 2000) (quoting 1 T. Schoenbaum, *Admiralty and Maritime*

4

*Law* § 5-3, at 165-166 (2d ed. 1994)). This doctrine is utilized to determine whether a defendant "is to be held liable for an injury to which he has in fact made a substantial contribution, when it is brought about by a later cause of independent origin, for which he is not responsible." *Nunley*, 727 F.2d at 464 (quoting Prosser, Law of Torts, 4th ed. 270). Further, when the subsequent injury is caused by the acts of a plaintiff that constitute reckless, deliberate action, constituting disregard of a known risk, a determination that those acts of the plaintiff were the sole proximate cause of the subsequent injury can certainly be justified. *Sanford Bros. Boats, Inc. V. Vidrine*, 412 F.2d 958, 967 (5th Cir. 1969).

Here, Clark's injuries are too far removed to be reasonably anticipated by Chet Morrison, and thus, Clark's subsequent four-wheeler accident serves as a superceding cause absolving Chet Morrison of liability for the injuries resulting therefrom. Clark's actions constituted deliberate, reckless action, disregarding a known risk. Although Clark was under the care of a physician, he did not consult with his physician prior to riding his four-wheeler. (Exhibit A to Rec. Doc. 25, p. 198). Moreover, Clark admits he was troubled by his injured hand on the day of the accident, saying "[i]t don't work" and it "don't have no strength in it." (Exhibit A to Rec. Doc. 25, p. 145). Despite this trouble with his hand, Clark elected to ride his four-wheeler for recreational purposes. (Exhibit A to Rec. Doc. 25, p. 60). Additionally, Clark testified that he "hit a hole", which may have caused him to lose his grip and fall from the four-wheeler. Thus, no one can be sure as to whether his injured hand caused the accident. (Exhibit A to Rec. Doc. 25, pp. 152-64). Chet Morrison could not have reasonably anticipated Clark's potentially hazardous leisure activities and their impact on his existing work-related injuries, and could not, therefore, have guarded against the risk imposed by those activities. This Court concludes that, as a matter of law, Chet Morrison was not a

5

substantial cause of Clark's hip and pelvis injuries, and therefore, it cannot be held liable for the same.

## III. CONCLUSION

Considering the foregoing, the Motion for Summary Judgment (Rec. Doc. 25) is **GRANTED**. To be clear, this is actually a motion for *partial* summary judgment; the granting of this motion does not release Chet Morrison from this case in its entirety.

New Orleans, Louisiana, this 7th day of October, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**